UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KYLE JOSEPH LONGACRE,

           Petitioner,                Case No. 1:23-cv-486

v.                                        Honorable Robert J. Jonker

M. BURGESS,

           Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner has asked the Court for leave to proceed *in forma pauperis* (ECF No. 2). Petitioner has also asked the Court to compel discovery (ECF No. 6).

The filing fee for a habeas corpus action is $5.00. 28 U.S.C. § 1914(a). Petitioner has filed an affidavit and account statement in support of his request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). It reasonably appears that paying the cost of the filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Accordingly, the Court will grant Petitioner leave to proceed *in forma pauperis*.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4

includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner is no longer in custody on the conviction he challenges by way of his petition.

The dismissal of the habeas petition renders Petitioner's motion to compel discovery moot. Accordingly, the Court will deny Petitioner's discovery motion.

## Discussion

### I. Factual Background

Petitioner Kyle Joseph Longacre is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. He is currently serving two concurrent sentences of 20 to 48 months' imprisonment, imposed by the Branch County Circuit Court on June 23, 2022. MDOC Offender Tracking Information, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=626648 (last visited June 19, 2023); MiCourt Case Search for the 15th Circuit Court, https://micourt.courts.michigan.gov/case-search/court/C15, (search "Last name" Longacre, "First Name" Kyle, select "Case Number" 2021-0000103276-FH, select "Sentencing") (last visited June 19, 2023); MiCourt Case Search for the 15th Circuit Court, https://micourt.courts.michigan.gov/case-search/court/C15, (search "Last name" Longacre, "First Name" Kyle, select "Case Number" 2021-0000103275-FH, select "Sentencing") (last visited June 19, 2023). In both cases, Petitioner pleaded guilty to malicious destruction of fire or police property, in violation of Mich. Comp. Laws § 750.377B, *People v. Longacre*, Case No. 2021-0000103275-FH (Branch Cnty. Cir. Ct.); *People v. Longacre*, Case No. 2021-0000103276-FH (Branch Cnty. Cir. Ct.). But these are not the convictions that Petitioner challenges in his petition.

In his petition, Petitioner attacks a February 1, 2022, Branch County Circuit Court conviction for tampering with electronic monitoring device, in violation of Mich. Comp. Laws § 771.3F. (Pet., ECF No. 1, PageID.1.) Petitioner pleaded *nolo contendere* to that offense and was sentenced to a prison term of 15 to 24 months. (Pet., ECF No. 1, PageID.1); MiCourt Case Search for the 15th Circuit Court, https://micourt.courts.michigan.gov/case-search/court/C15, (search "Last name" Longacre, "First Name" Kyle, select "Case Number" 2020-0000092916-FH, select "Sentencing") (last visited June 14, 2023). Petitioner's sentence for tampering with electronic monitoring device was discharged on May 7, 2022. MDOC Offender Tracking Information, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=626648 (last visited June 19, 2023).

On May 8, 2023, Petitioner filed his habeas corpus petition challenging only his conviction for tampering with electronic monitoring device.[1] The petition raises 4 grounds for relief, as follows:

I. Was sedated in ER on Haldol, Ativan, Benadryl[,] so couldn't have knowingly removed tether.

II. Was denied right to self-represent and/or be provided effective assistance of counsel.

III. Tether was never a valid condition of parole.

IV. Was denied right to fair and speedy trial.

(Pet., ECF No. 1, PageID.5, 7, 8), 10.)

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on May 8, 2023. (Pet., ECF No. 1, PageID.14.)

**II.     Discussion**

Petitioner does not explain why he is attacking a conviction for which he completed his sentence on May 7, 2023, and the Court will not speculate as to the reasons. However, it remains that, for a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted this to mean that "the habeas petitioner must be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (emphasis added) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

Here, Petitioner was not in custody under the conviction being attacked at the time that he filed his petition on May 8, 2023. Petitioner's sentence for tampering with electronic monitoring device was discharged entirely on May 7, 2023. Under *Maleng*, even the possibility that Petitioner might face collateral consequences from that conviction, such as the possibility of a sentencing enhancement in subsequent proceedings, does not render him "in custody" under the conviction for tampering with electronic monitoring device.

At the time *Maleng* was decided, the Supreme Court reserved the question of whether a petitioner in custody for a second conviction, the sentence for which was enhanced by virtue of a prior expired sentence, could question the legality of the prior sentence in a habeas petition challenging the second conviction. *See id.* at 492–93; *Young v. Vaughn*, 83 F.3d 72, 74 (3d Cir. 1996); *Gamble v. Parsons*, 898 F.2d 117, 118 (10th Cir. 1990); *Starks v. Straub*, No. 96-1044, 124 F.3d 199, 1997 WL 468325, *2 (6th Cir. 1997). Yet, that is not how Petitioner has presented the issue to this Court; he does not once refer to his subsequent sentences for malicious destruction of

4

fire or police property in the petition. *See Wright v. United States*, No. 21-3430, 2021 WL 5365813, at *2 (6th Cir. Oct. 29, 2021) (denying a certificate of appealability, Judge McKeague explained that the "petition cannot be construed as asserting a challenge to his current federal sentence, as enhanced by his prior Ohio conviction, because [the petitioner] did not refer to his federal sentence in his petition.").

Moreover, there is no indication that Petitioner's subsequent sentences were enhanced by virtue of the challenged conviction. The Michigan Code of Criminal Procedure provides for enhanced sentences for habitual criminals. Mich. Comp. Laws § 769.10. "[I]f a person is convicted as an habitual offender under § 10, 11, or 12, the court may sentence the offender to the punishment prescribed in § 10, 11, or 12 . . ." *People v. Primer*, 444 Mich. 269, 273–74 (1993). The Code of Criminal Procedure contemplates a maximum sentencing enhancement for "3 or more felonies or attempts to commit felonies" preceding the conviction for which the offender is being sentenced. Mich. Comp. Laws § 769.12. Put another way, once a habitual offender reaches 3 prior felony convictions, that offender may be subjected to the maximum sentencing enhancement regardless of any additional convictions.

Even in the absence of the challenged conviction, Petitioner had three prior convictions for felonies or attempts to commit felonies that could have subjected him to a sentencing enhancement as a fourth habitual offender. MDOC Offender Tracking Information, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=626648 (last visited June 19, 2023). Thus, Petitioner's conviction for tampering with electronic monitoring device, under attack here, would not have independently enhanced the sentences for which Petitioner remains in custody.

5

Because Petitioner is plainly no longer "in custody" on his February 1, 2022, conviction for tampering with electronic monitoring device, he cannot bring a habeas challenge under 28 U.S.C. § 2254(a). Therefore the petition will be dismissed and his motion for discovery denied as moot.

### III.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court concludes that Petitioner has failed to

demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order granting Petitioner leave to proceed *in forma pauperis*, denying as moot Petitioner's motion to compel discovery, and denying a certificate of appealability.

Dated:  July 5, 2023  /s/ Robert J. Jonker
Robert J. Jonker
United States District Judge